FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2016 JUL 14 PM 5:15
CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

JOHN WAYNE CONNER,

    Petitioner,

vs.

ERIC SELLERS, Warden,
Georgia Diagnostic and
Classification Prison,

    Respondent.

CIVIL ACTION NO.
CV 316-057

HABEAS CORPUS

# O R D E R

Before the Court is Petitioner John Wayne Conner's petition for federal habeas relief under 28 U.S.C. § 2254 and motion for stay of execution. Conner's execution is currently scheduled for 7:00 p.m. tonight. Within his petition, Conner brings two claims: (1) that the 34-year delay between the imposition of the death penalty and execution violates the Eighth Amendment's prohibition against cruel and unusual punishment; and (2) that the execution would be unconstitutionally duplicative of the punishment already inflicted upon him in violation of the Fifth Amendment's prohibition against double jeopardy.

This is Conner's numerically second § 2254 petition filed in this Court. (See generally Conner v. Humphrey, CV 301-073 (S.D. Ga. 2001).) As such, the Attorney General of Georgia has

moved to dismiss the petition on the grounds that it is a second and successive petition, in which case this Court is barred from considering it until the Eleventh Circuit Court of Appeals grants authorization.[1]

A petition is not termed "second or successive" within the meaning of § 2244(b) simply because a prior petition was filed or is "second in time." Rather, a numerically second petition is not considered "second or successive" to the extent that it asserts claims whose predicates arose after the filing of the original petition. See Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011). Here, Conner argues that his petition is not successive because he could not raise his grounds until his execution was ordered and imminent. That is, the factual predicate was not previously discoverable until the State of Georgia issued the warrant of execution on June 24, 2016.

Of note, the Supreme Court held in Panetti v. Quarterman,

---

[1] The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 states as follows: "Before a second or successive [habeas corpus] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application . . . ." Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999).

2

551 U.S. 930, 945-47 (2007), that the statutory bar on filing second or successive habeas petitions does not apply to the "unusual" claim of incompetency to be executed because such a claim is not ripe until the execution date is established. Id. This Court, however, has not found a decision that extends Panetti's holding to encompass claims challenging an execution under the Fifth or Eighth Amendments as claimed herein. This Court is reluctant to do so without precedent, noting as it must that the Eleventh Circuit has cautioned that the Panetti exception is a narrow one. See Jeremiah v. Terry, 322 F. App'x 842 (11th Cir. 2009).

In sum, absent authorization from the Eleventh Circuit, this Court lacks jurisdiction to consider the issues raised in Conner's current motion. See Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (determining that "the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition").

Further, even if Conner's claims were not considered second and successive, this Court would deny the petition on the merits, following the lead of the Eleventh Circuit in Thompson v. Secretary for Dep't of Corr., 517 F.3d 1279, 1284 (2008), because the execution of an inmate after a prolonged stay on death row is not in itself a constitutional violation.

That the execution of the trial court's sentence has been delayed for 34 years is beyond cavil. However, the delays in this case have accrued incrementally. Many claims have been asserted on Petitioner's behalf, studied, and intricately decided by state and federal courts. It is true that the delay in ruling upon the Petitioner's first state habeas proceeding was unfortunate. But, it is also true that the steady evolution of claims and many requests for extensions of time are attributable to Petitioner and his counsel. Thus, the intervening delay in the imposition of the death penalty in Petitioner's case is not inexplicable, occasioned by design, nor can it be ascribed to anything other than the law's delay and counsel's convenience in addressing issues raised by Petitioner and those acting on his behalf, fervently seeking to avoid that which they now contend has been delayed.

As cogently explained by the Fifth Circuit Court of Appeals: "The state's interest in deterrence and swift punishment must compete with its interest in insuring that those who are executed receive fair trials with constitutionally mandated safeguards . . . . [Petitioner] has benefitted from this careful meticulous process and cannot now complain that the expensive and laborious process of habeas corpus appeals which exists to protect him has violated other of his rights." White v. Johnson, 79 F.3d 432, 439 (5th Cir. 1996).

In further explanation of these segments of chronology, the

4

Court appends to this Order a chronicle of events taken from various filings and a review of the entirety of the record in the prior federal habeas proceeding, including this Court's docket sheet and exhibits supplied during the course of Conner v. Humphrey, CV 301-073 (S.D. Ga. 2001).

Upon the foregoing, Petitioner John Wayne Conner's motion for stay of execution is **DENIED**. His motion for leave to proceed in forma pauperis is **MOOT**. Respondent's motion to dismiss the petition as second and successive is **GRANTED**. The Clerk is directed **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 14th day of July, 2016.

_____
UNITED STATES DISTRICT JUDGE

Chronology of State Proceedings
and the Federal Habeas Proceeding:
Conner v. Humphrey, CV 301-073 (S.D. Ga. 2001)

| | |
|---|---|
| January 9, 1982 | Murder of J.T. White |
| January 10, 1982 | Arrest of John Wayne Conner |
| July 14, 1982 | Conviction with Sentence of Death |
| May 24, 1983 | Supreme Court of Georgia affirmed conviction and sentence |
| October 3, 1983 | United States Supreme Court denied certiorari petition |
| March 23, 1984 | First *state* habeas petition filed (did not include intellectual disability claim) |
| September 24, 1984<br>February 11, 1985 | Evidentiary hearings on *state* petition |
| 1988 | Georgia Legislature enacted statutory ban on the execution of mentally retarded criminal defendants |
| 1989 | Fleming v. Zant, 386 S.E.2d 39 (Ga. 1989) - Supreme Court of Georgia held that the statutory ban on executing intellectually disabled persons applied retroactively to all capital cases |
| January 6, 1997 | First *state* habeas petition denied |
| September 11, 2000 | Supreme Court of Georgia denied certificate of probable cause as to the first *state* habeas petition |
| June 25, 2001 | United States Supreme Court denied certiorari petition as to the first state habeas petition |
| October 3, 2001 | Second *state* habeas petition filed (raising intellectual disability claim) |
| October 26, 2001 | Second *state* habeas petition dismissed as successive under O.C.G.A. § 9-14-51 |
| November 13, 2001 | First *federal* habeas petition filed (included intellectual disability claim) |

| | |
|---|---|
| January 30, 2002 | Federal case stayed <u>at the parties' request</u> pending ruling on Petitioner's certificate of probable cause in the Supreme Court of Georgia |
| March 25, 2002 | Supreme Court of Georgia denied certificate of probable cause on second *state* habeas petition |
| June 28, 2002 | Federal case again stayed <u>at the parties' request</u> pending ruling on Petitioner's petition for writ of certiorari in the United States Supreme Court |
| October 7, 2002 | United States Supreme Court denied certiorari petition on the second *state* habeas petition |
| October 24, 2002 | This Court reopened the federal habeas proceeding for briefing |
| November 10, 2003 | Briefing schedule extended upon request of <u>Petitioner</u> |
| January 26, 2004 | Briefing schedule extended upon request of <u>Petitioner</u> |
| February 24, 2004 | Briefing schedule extended upon request of <u>Petitioner</u> |
| September 8, 2004 | After several extensions to the briefing schedule, this Court denied petitioner's motion to conduct limited discovery on the intellectual disability claim because the claim was procedurally defaulted |
| October 6, 2008 | Federal district court entered Order respecting procedurally defaulted claims |
| November 7, 2008 | Briefing schedule extended upon request of <u>Petitioner</u> |
| January 6, 2009 | Briefing schedule extended upon request of <u>Petitioner</u> |
| March 6, 2009 | Briefing schedule extended upon request of <u>Petitioner</u> |
| November 6, 2009 | First *federal* habeas petition denied on the merits |
| July 7, 2011 | Eleventh Circuit reversed decision and remanded for consideration of the intellectual disability claim and two other claims |
| August 9, 2011 | Mandate of the Eleventh Circuit issued |
| December 2012 | Discovery schedule set on the intellectual disability claim |
| March 5, 2013 | Petitioner filed third *state* habeas petition |

| | |
|---|---|
| May 7-8, 2013 | Evidentiary hearings on the intellectual disability claim in federal habeas proceeding |
| May 10, 2013 | Oral argument and oral pronouncement of ruling to deny the intellectual disability claim |
| June 11, 2013 | Federal district court entered order entered denying remanded claims |
| April 15, 2015 | Eleventh Circuit affirmed denial of the remanded claims |
| February 29, 2016 | United States Supreme Court denied certiorari petition on the first *federal* habeas petition |
| April 4, 2016 | United States Supreme Court denied rehearing petition |
| June 27, 2016 | Petitioner amended his third *state* habeas petition to include present claims under Fifth and Eighth Amendments |
| July 6, 2016 | State court denied Petitioner's third *state* habeas petition |
| July 14, 2016 | Supreme Court of Georgia denied certificate of probable cause on third *state* habeas petition |
| July 14, 2016 | Second *federal* habeas petition and motion to stay execution filed in *federal* district court in Conner v. Sellers, CV 316-057 (S.D. Ga. July 14, 2016) |